### HANNON *v.* SHEEHAN.

*(City Court of New York, General Term. July 1, 1892.)*

GIFTS INTER VIVOS—DELIVERY OF PASS BOOK—EVIDENCE.

    H. opened an account with a savings bank, as follows: "H., for her daughter Kate." Afterwards she changed it to "H. or sister J.," so that J. might draw the money. H. died January 22d. J. died a week after, and the bank book was found among the effects of E., another sister of H., who died about a week after J., and with whom J. resided at the time of her death. *Held* sufficient to justify a finding of a delivery of the bank book by H. to J., and that J.'s administratrix was entitled to the deposit.

Appeal from trial term.

Action by Margaret Hannon, administratrix of Julia Barrett, deceased, against Jeremiah Sheehan, surviving administrator of Hannah Sheehan, deceased. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

*R. A. Springs,* for appellant. *Michael F. McGoldrick,* for respondent.

FITZSIMONS, J. One Hannah Sheehan, on July 29, 1882, opened an account with the Emigrants' Savings Bank, as follows: "Hannah Sheehan, for

her daughter Kate." Subsequently, and on February 11, 1887, she changed said account as follows: "Hannah Sheehan or sister Julia Barrett;" so that Julia might draw the money on deposit. The account so stood at the time of Hannah Sheehan's death, which occurred January 22, 1890. Julia Barrett died about February 1, 1890, and the bank book in which was kept the account in question was found among the property of a third sister, Ellen Barrett, who died about February 7, 1890, and with whom Julia resided at the time of her death. The learned trial justice held that the account in question was the property of Julia Barrett. Although the testimony upon which this conclusion is based is rather meager, yet we are inclined to believe that it is justified by the testimony and surrounding circumstances. Julia Barrett, at the time of her death, resided with her sister Ellen, in whose possession the book containing said account was found at her death. It is, therefore, we think, reasonable to assume that the book was handed to Julia by her sister Hannah with the intention of vesting ownership of the same in Julia. The transfer, under such circumstances, vested in Julia the legal title to the funds deposited. *Walsh* v. *Bank*, 2 City Ct. Rep. 276; *Penfield* v. *Thayer*, 2 E. D. Smith, 305. The theory of the intent of Hannah to invest Julia with the ownership of said funds is supported by the act of Hannah in having the account changed so as to include Julia's name. It is only necessary to constitute a legal gift of personal property that there must be, on the part of the donor, an intent to give and a delivery of the thing, in pursuance of such intent, to the donee. *Beaver* v. *Beaver*, 117 N. Y. 421, 22 N. E. Rep. 940. We think that there was enough testimony in this case to justify the trial justice in finding that Hannah Sheehan intended to give to her sister Julia Barrett the funds in suit, and in pursuance of that intent delivered the account book of the Emigrants' Bank to her. We believe that the judgment must be affirmed, with costs. All concur.